UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY LYNN LYNCH,

      Petitioner,

v.                                  Case No. 5:06-cv-213-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____

## <u>ORDER DENYING PETITION</u>

Petitioner filed a <u>pro se</u> habeas corpus petition seeking relief under 28 U.S.C.

§ 2254 (Doc. 1), and is presently represented by counsel (Doc. 7).  The Petition

stems from Petitioner's 2004 Marion County nolo contendre plea to one count of

vehicular homicide, for which Petitioner was sentenced to 13 years of incarceration,

two years of probation, and other conditions.  Doc. 1.  Petitioner asserts that his

counsel rendered ineffective assistance during and after the plea process.

Specifically, he contends that (1) he was denied due process because he was not

advised of his right to have counsel at trial; (2) his counsel failed to file a motion to

withdraw the plea; (3) his plea was induced by false promises by counsel as to his

sentence; (4) his counsel failed to object to false statements by the prosecutor; and

(5) his counsel failed to comply with his request to be present at all court dates, to

allow Petitioner to enter a plea within 21 days, and to secure his speedy trial rights.

Docs. 1, 13 (Petitioner's memorandum).  The Respondent has filed a Response,

together with the state-court record.  Doc. 11.  For the reasons set forth below, the Court concludes that the Petition should be denied.[1]

**Factual and Procedural Background**

Petitioner's conviction and sentence were entered on May 17, 2004.  App. tab C.  No direct appeal was filed, and accordingly Petitioner's conviction became final thirty days later, on June 16, 2004, when the time for filing an appeal expired.  On February 14, 2005, Petitioner filed a petition for a writ of habeas corpus seeking a belated appeal in the Fifth District Court of Appeal, pursuant to Fla. R. App. P. 9.141(c), alleging that he had directed his counsel to file a notice of appeal and counsel had failed to do so.  Id. tab D.  The court appointed a commissioner to conduct an evidentiary hearing, and following the hearing, at which Petitioner and his counsel testified, the commissioner concluded that there was no evidence that Petitioner timely directed his counsel to file an appeal.  Id. tabs F, G.  In particular, the commissioner determined that a letter sent by Petitioner to his counsel a week after his conviction in which Petitioner stated "I may still appeal this case" was not a request to file an appeal.  Id. tab G.  The Fifth District Court of Appeal denied the petition for belated appeal on June 14, 2005, and petitioner's attempt to appeal the commissioner's findings was rejected because the report was not appealable.  Id. tab H, I.

_____

[1]Because the Court may resolve the claims in the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

On October 7, 2005, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, alleging that his counsel rendered ineffective assistance by: (1) failing to advise him or his right to the assistance of counsel during trial; (2) failing to file a motion to withdraw the plea; and (3) inducing Petitioner to enter a plea using false promises regarding his sentence. App. tab J. Petitioner also alleged that the trial court erred in failing to advise him of his right to counsel. Id. Petitioner filed an amended motion, adding as claim (4) that counsel failed to object to false statements by the prosecutor. App. tab K.

After directing a response to the motion, the state court summarily denied relief, finding that Petitioner was not denied the effective assistance of counsel under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). App. tab M. Based on a review of the transcript of the plea colloquy, the court determined that Petitioner understood that he was represented by an attorney who would have represented him at trial and was prepared to go to trial. Id. The court rejected Petitioner's claim that the trial court also erred in failing to advise him of his right to counsel and therefore his plea was not voluntary, because Petitioner had failed to timely move to withdraw the plea. Id. The court determined that Petitioner failed to demonstrate that he had asked his counsel to withdraw the plea, and that the record of the colloquy as a whole clearly showed the Petitioner understood the proceedings and entered a voluntary plea. Id. The court rejected Petitioner's claim that counsel induced his plea because the record of the colloquy clearly

demonstrated that Petitioner understood he was entering an open plea and could be sentenced to up to 15 years incarceration. Id. The court rejected Petitioner's claim that counsel failed to object to erroneous statements by the prosecutor regarding Petitioner's prior offenses, because the court did not consider such incorrect statements in rendering Petitioner's sentence. Id. The court denied Petitioner's motion for leave to file a reply brief and motion for rehearing. Id. tab P. Petitioner appealed, and the Fifth District Court of Appeal affirmed per curiam without opinion on May 9, 2006; rehearing was denied on June 9, 2006. App. tabs S, U. The court's mandate issued on June 29, 2006. The instant Petition was filed on June 20, 2006.

## **Timeliness of Petition**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction "or other collateral review." 28 U.S.C. § 2244(d)(2).

Respondent contends that the Petition is untimely because Petitioner's petition for belated appeal was not an application for postconviction within the meaning of the statute and therefore did not toll the limitations period, and Petitioner's Rule

4

3.850 motion, although properly filed, was filed after Petitioner's federal limitations period had already expired and therefore did not toll the limitations period. Doc. 11. Petitioner argues that he is entitled to the benefit of tolling during the pendency of his petition for belated appeal, and alternatively that he is entitled to equitable tolling. Doc. 14.

The Supreme Court has recognized that a request to file an out-of-time appeal is a form of state collateral proceeding. <u>See</u> <u>Jimenez v. Quarterman</u>, ___ U.S. ___, 129 S.Ct. 681, 686-87 (2009) (petition seeking out-of-time appeal on "state collateral review", if granted, renders conviction non-final until the conclusion of direct review, for purposes of determining when federal limitations period begins). Further, there is no dispute that Petitioner's request for belated appeal was timely and "properly filed" under state law. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000). Although Petitioner's request for belated appeal was not granted and therefore did not affect the date upon which his conviction became final for purposes of starting the federal limitations period, <u>see</u> <u>Jimenez</u>, 129 S.Ct. at 686-87, it was filed well within the federal limitations period and therefore served to statutorily toll the limitations period while it was pending. <u>See</u> 28 U.S.C. § 2244(d)(2). Respondent concedes that if the petition for belated appeal tolled the limitations period, then the instant petition is timely. Doc. 11. Accordingly, it is unnecessary to address Petitioner's argument that he is entitled to equitable tolling of the limitations period.

## Exhaustion of Remedies

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2]  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3] A petitioner's pro se status does not alone amount to good cause.[4]

Petitioner concedes that he did not exhaust his claim (5) (pertaining to his presence at all court dates, to enter a plea within 21 days, and his right to a speedy trial) in the state courts, except that he attempted to raise it before the state appellate court in his motion for rehearing following the affirmance of the denial of his Rule 3.850 motion.  Doc. 1 at 15-19; App. tab T.  Petitioner's failure to raise these claims in a procedurally correct manner in state court forecloses them from federal habeas review.  Petitioner contends that he has "cause" for the default

---

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)).

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

because he did not learn of counsel's alleged errors until after he filed his initial brief in the appeal of the denial of his postconviction motion, but the asserted errors occurred at trial and thus were known to Petitioner at the time he initially sought postconviction review. In fact, these issues were discussed at Petitioner's plea hearing. See App. tab B. Accordingly, the court is not persuaded that Petitioner has established cause and prejudice for the default, and Petitioner is not entitled to federal habeas review of the merits of his fifth claim.

## Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[5] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[6] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[7] A state court's rejection of a claim on the merits is entitled to deference regardless whether

---

[5] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[6] See 28 U.S.C. § 2254(d)(1)- (2).

[7] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

the state court has explained the rationale for its ruling.[8]

## Merits of Petitioner's Ineffective-Assistance Claims

In order to demonstrate that counsel rendered ineffective assistance, Petitioner's "entitlement to habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under [Strickland] . . . 'resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting 28 U.S.C. § 2254). "An 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" Id. (internal quotations and citations omitted). "That is, 'the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable.' . . . Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice . . . with performance being measured against an 'objective standard of reasonableness' under 'prevailing professional norms.'" Id.

Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S.

---

[8] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

52, 59 (1985).  The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas."  Id. at 58.  The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'"  Id. at 60 (quoting Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984)).

### Claim (1): Failure to advise of right to assistance of counsel

Petitioner was represented by appointed conflict counsel in the trial court.  A review of the plea colloquy reflects that neither counsel nor the court explicitly advised Petitioner that if he elected to go to trial, he would have the right to the assistance of counsel.  See App. tab B.  The state court determined that, based on a review of the plea colloquy, Petitioner suffered no prejudice from this error because it was clear from the record that Petitioner understood he was represented by counsel who was prepared for trial and who would have represented Petitioner at trial.  App. tab M.

Petitioner contends that the state court's conclusion reflects an unreasonable determination of the facts.  Doc. 13.  It is clear from this Court's independent review that the record supports the state court's findings.  At the hearing immediately preceding Petitioner's plea, counsel stated that he had prepared the case for trial, that he was  "ready to try this case," had "laid out exactly why I'm going to this trial and why I'm doing this trial," and had procured street clothes for Petitioner to wear

at trial that day.  App. tab B at 6-21.   In light of the record, Petitioner has failed to show that the state court's findings were unreasonable, and has failed to show that the court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, <u>Strickland</u>.

### Claim (2): Counsel's failure to file motion to withdraw plea

Petitioner contends that counsel failed to move to withdraw his plea.  In his state postconviction motion, Petitioner relied on a letter he sent to counsel on May 31, 2004, in which he stated that "[t]he jail has me back on my medication now that I was not on when I whent [sic] to court so now I am thinking a bit more clearly.  Hopefully I may still apeel [sic] this case."  App. tab J, exh. B.  The state court concluded that nothing in the letter indicated that Petitioner was asking counsel to withdraw his plea, and accordingly the letter did not demonstrate that counsel's performance was deficient.   A review of the letter reflects that the court's finding was reasonable.  Petitioner points to nothing else in the record that establishes that he did, in fact, ask his counsel to file a motion to withdraw his plea. Accordingly, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, <u>Strickland</u>.

### Claim (3) Counsel's promises regarding plea

Petitioner contends that his plea was coerced by counsel's false promises concerning the sentence he would receive.  Petitioner contends that counsel promised him that his guideline sentence would be "9 and some change to 13 years."  Doc. 1 at 9.  The state court found that this claim was clearly refuted by the record of the plea colloquy, in which Petitioner acknowledged that he was entering an "open" plea and could be sentenced to up to 15 years incarceration.  App. tab M.

A review of the portions of the record cited by the state court reflects that the court's finding is reasonable. See App. tab L at 9 (counsel states "[t]he statutory max is 15. The state's offered 13. He scores nine and some change. The state can't go lower than 13."); 19 (counsel asks court to confirm that Petitioner would not get the maximum sentence solely for electing to go to trial, stating "you're not going to necessarily max him. You may give him the nine and a quarter or you may give him the 15, you know."); 22-23 (counsel representing to court that Petitioner is entering an "open plea", stating sentencing ranges, and stating that counsel was arguing for a sentence of "nine and change."); 24 (counsel addresses Petitioner directly and states "we're going to be real clear – is an open plea means no promises. But what it means is there kind of is a promise in a way, i[n] that you're going to get a guideline sentence. It will either be a low of nine and some change or it could be as high as 13, or it could be somewhere in the middle.").

Petitioner points to nothing in the record that establishes that counsel made any false representations concerning his sentence, indeed the record reflects exactly the opposite. Further, the written waiver of rights and plea agreement executed by Petitioner reflects that the maximum sentence was 15 years in prison, and that the prosecutor had offered Petitioner a plea of 13 years in prison and 2 years of probation, but that portion was stricken by the court on the record during the plea colloquy, with the notation that the sentence was "open to court." App. tab B. Notwithstanding that the court could have imposed a higher term of incarceration, Petitioner ultimately received a sentence of 13 years in prison and two years of probation. App. tab C. Accordingly, Petitioner has failed to show that his counsel's performance concerning his sentence exposure was deficient or that he was prejudiced by counsel's performance. The state court's rejection of this

ineffective-assistance claim was not contrary to, or an unreasonable application of, Strickland.

### Claim (4) Counsel's failure to object to prosecutor's "false statements"

Prior to the entry of Petitioner's plea, the prosecutor advised the court that Petitioner was "in custody right now on basically two counts of robbery with a deadly weapon. He was sentenced to 24 months Department of Corrections, followed by a year probation." App. tab 7. Petitioner contends that counsel was ineffective for failing to object, because in fact at that time Petitioner was incarcerated only for one count of simple robbery and had been sentenced to probation for another count of simple robbery. Doc. 1; see App. tab M. The state court rejected this claim on postconviction review because Petitioner pointed to nothing in the record indicating that the sentencing court was influenced by that error in sentencing Petitioner. App. tab M.

Petitioner concedes that his sentencing scoresheet did not incorporate this error. Doc. 13 at 23. The state court clearly imposed a sentence within Petitioner's correct sentencing range. Petitioner conclusionally alleges that "the Court did take this factor into consideration when imposing its fifteen year sentence," but points to nothing in the record to support this claim. Accordingly, Petitioner has failed to establish that the state court's determination that he was not prejudiced by counsel's failure to object to the statements was contrary to, or an unreasonable application of, Strickland.

### Conclusion

For the foregoing reasons, the Petition is **DENIED**. The Clerk is directed to enter judgment denying the Petition and dismissing this case with prejudice,

terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of September 2009.

_____
UNITED STATES DISTRICT JUDGE

c:   Ricky Lynn Lynch
     Counsel of Record